EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                                                   | Recurso Misceláneo |
|----------------------------------------------------------|--------------------|
| Fundación Facultad de Derecho Eugenio María de Hostos    | 2000 TSPR 25       |

Número del Caso: MC-1996-0025

Fecha: 18/02/2000

Abogado de la Fundación Facultad de Derecho Eugenio María de Hostos:

Lcdo. Harry Anduze Montaño, Presidente Junta de Síndicos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Fundación Facultad de Derecho
Eugenio María De Hostos

MC-1996-25

RESOLUCION

San Juan, Puerto Rico, a 18 de febrero de 2000.

El 28 de octubre de 1996, aproximadamente tres años después de haber sido organizada, la Fundación Facultad de Derecho Eugenio María De Hostos (FFDEMH) solicitó a este Tribunal que le extendiese la aprobación o acreditación requerida por el Artículo 2(a)(2) del Reglamento de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía.

El 20 de diciembre de 1996, a los fines de atender debidamente la solicitud referida, nombramos un Comité de Acreditación, que comenzó de inmediato a realizar la tarea de evaluación que se le encomendó.

El 11 de julio de 1997, el Comité referido rindió su informe final ante nos. **Dicho Comité NO recomendó la acreditación de la FFDEMH por este Tribunal.** Señaló las fortalezas y las deficiencias que tenía esa institución y nos propuso varios cursos de acción. Entre las deficiencias serias señaladas por el Comité estaba la falta de recursos financieros suficientes para atender sus gastos operacionales y de desarrollo. Otra deficiencia importante era que el perfil académico del estudiantado de la FFDEMH era inferior al del estudiantado de las escuelas de derecho acreditadas de Puerto Rico.

El 15 de julio de 1997, el American Bar Association **(ABA)** completó su propia evaluación de la FFDEMH y **denegó** la aprobación provisional que ésta le había solicitado.  La FFDEMH necesitaba la aprobación de la ABA para cumplir con lo dispuesto en la Ley que regula la admisión al ejercicio de la abogacía en Puerto Rico, que requiere que para que una persona sea admitida a dicho ejercicio, ésta debe "haberse recibido de una universidad aprobada por la ABA," 4 L.P.R.A. sec. 721(3).

El 13 de agosto de 1997, emitimos una Resolución relativa a la solicitud de acreditación que la FFDEMH nos había presentado el 28 de octubre de 1996.  Reconocimos en esa Resolución que los primeros egresados de la FFDEMH que recién habían solicitado ser admitidos al examen de reválida de septiembre de 1997, **no cumplían con los requisitos legislativos ni reglamentarios para poder tomar dicho examen**.  Ello en vista de que la FFDEMH no contaba en ese momento con las acreditaciones necesarias tanto del ABA como de este Tribunal.

Lo anterior no obstante, dispusimos en la Resolución referida permitir **provisionalmente** que los primeros egresados de la FFDEMH tomasen el examen de reválida de septiembre de 1997 **"como parte del proceso que estamos llevando a cabo para determinar si la FFDEMH debe ser acreditada**."  Señalamos expresamente en esa Resolución que tomábamos este paso movidos por el siguiente señalamiento de la propia ABA:

> "The School of Law has not yet had a graduating class; accordingly, there are no bar examination statistics. . . for determining outcome measures of success or comparisons with other comparable schools of law".

Hicimos claro, sin embargo, que la decisión de admitir al examen de reválida a los primeros egresados de la FFDEMH a pesar de que éstos no cumplían con los requisitos legislativos y reglamentarios para ello, era **"de naturaleza excepcional"**, y se tomaba sólo para obtener una información adicional que arrojase luz al proceso de evaluación de la FFDEMH.

Los resultados de la reválida[1] de septiembre de 1997 confirmaron lo que tanto nuestro Comité de Acreditación como el de ABA habían señalado antes sobre el débil perfil académico de los estudiantes de la FFDEMH.  **Solo 36% aprobó dicho examen, lo que fue sustancialmente inferior al porciento de aprobación de los egresados de las tres escuelas de derecho acreditadas de Puerto Rico**, a saber:  UPR – 79%; UI 63%; y UC – 61%.

Así las cosas, el 1 de abril de 1998, emitimos una segunda Resolución mediante la cual expresamos nuestro criterio de que la FFDEMH (1) no contaba con la solidez presupuestaria necesaria para atender debidamente sus gastos operacionales, de desarrollo, y de financiamiento; y (2) tenía serias dificultades en reclutar estudiantes que luego de egresar de esa institución pudiesen desempeñarse exitosamente en el examen de reválida.  También reiteramos en esa Resolución nuestra preocupación con el hecho de que la FFDEMH no había logrado aun siquiera la acreditación provisional de la American Bar Association.

---

[1] Todas las cifras informadas es esta Resolución se refieren a los candidatos que toman el examen de reválida por primera vez.

A pesar de las graves reservas referidas, en dicha segunda Resolución, mediante voto de 4-2, decidimos darle **una oportunidad advertidamente final** a la FFDEMH para corregir las serias limitaciones que a nuestro juicio aún adolecía dicha institución. Decidimos así movidos por los enfáticos planteamientos que nos había hecho la FFDEMH de que estaba tomando las medidas necesarias para atender las limitaciones referidas. **En particular, nos persuadió la resuelta afirmación de la FFDEMH de que sus egresados habrían de mejorar significativamente en su desempeño en las reválidas de 1998 y 1999 si le dábamos a dichos egresados la oportunidad de tomar el examen de reválida**.

En vista de las afirmaciones de la FFDEMH, resolvimos en la Resolución referida lo siguiente:

"1) Admitir los egresados de la FFDEMH a los exámenes de reválida a ofrecerse durante el 1998 y el 1999.

2) Al cabo de estos dos años, se le concederá la acreditación solicitada por la FFDEMH, si ésta ha cumplido entonces con las siguientes dos condiciones:

a) Haber satisfecho cabalmente todas las expectativas formuladas en sus escritos de 31 de diciembre de 1997 y 3 de marzo de 1998, respecto a presupuesto y finanzas, planta física y mejoras permanentes, índices de admisión de nuevos estudiantes, y resultados de sus egresados en los exámenes de reválida. En particular, los egresados de la FFDEMH al cabo del segundo año deberán desempeñarse en el examen de reválida de septiembre de 1999 de modo similar al de los egresados de aquella escuela de derecho de las acreditadas de Puerto Rico que haya tenido ese año el menor porcentaje de aprobación.

b) Haber obtenido al menos acreditación provisional de la ABA."

Además, de manera clara y enfática también resolvimos en aquella ocasión que:

"3) **De no haberse logrado estos objetivos, se denegará la acreditación de la peticionaria y no se aceptará a exámenes de reválida para el año 2000 y años subsiguientes a ningún egresado de la FFDEMH**."

En la Resolución referida ordenamos a la FFDEMH que notificara dicha Resolución individualmente a todos los estudiantes que cursaban estudios entonces allí, y a todos los nuevos estudiantes que fuesen admitidos a estudios por la FFDEMH en 1998 y 1999. Esto se hizo para asegurar que cualquier persona que continuase estudiando en dicha institución o ingresara a ella a partir del 1 de abril de 1998, quedase debidamente notificada de las condiciones referidas. Los estudiantes referidos quedarían así plenamente advertidos de que su admisión al examen de reválida una vez se hubiesen graduado de la FFDEMH dependería de que dicha institución cumpliese con las condiciones referidas.

Transcurridos los dos años en cuestión, la FFDEMH **no ha cumplido** con las dos condiciones que fijaba nuestra Resolución de 1 de abril de 1998.  No se han materializado los logros que dicha institución afirmó que habría de alcanzar.  Por un lado, el 24 de noviembre de 1999, la ABA volvió a denegar la solicitud de acreditación provisional presentada por la FFDEMH.

Por otro lado, los resultados de los egresados de la FFDEMH en los exámenes de reválida de 1998 y 1999 fueron otra vez notablemente inferiores a los de los egresados de las tres escuelas de derecho acreditadas de Puerto Rico, según surge de los siguientes datos sobre el porcentaje (%) de aprobación de los exámenes en cuestión.

|                   | Septiembre 1998 |         | Marzo 1999 |
| ----------------- | --------------- | ------- | ---------- |
| UPR . . . . . . . . . | 87%         | UPR . . . . . . . . . | 78% |
| UI. . . . . . . . . . | 52%         | UI. . . . . . . . . . | 46% |
| UC. . . . . . . . . . | 51%         | UC. . . . . . . . . . | 31% |
| **EMH** . . . . . . . . | 19%        | **EMH** . . . . . . . . | 0% |

Septiembre 1999

| UPR . . . . . . . . . | 83% |
| --- | --- |
| UI. . . . . . . . . . | 65% |
| UC. . . . . . . . . . | 48% |
| **EMH** . . . . . . . . | 22% |

En vista de lo anterior, adviene vigente nuestro dictamen del 1 de abril de 1998. Se deniega la acreditación de la FFDEMH. No se admitirán a los exámenes de reválida a celebrarse durante el año 2000 y años subsiguientes a aquellas personas que hayan egresado de la FFDEMH hasta que esa institución no reciba por lo menos la acreditación provisional de la ABA.[2] Al cabo de siete años de fundada la FFDEMH, no está justificado que este Foro siga favoreciendo a sus egresados haciendo para ellos excepciones a las normas legislativas y reglamentarias vigentes sobre admisión al ejercicio de la abogacía que se le exigen a cualquier otro aspirante.

Publíquese.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri emitió voto particular. El Juez Asociado señor Negrón García, inhibido.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

---

[2] Aquellos egresados de la FFDEMH que fueron admitidos a los exámenes de reválida de 1997, 1998 y 1999 y no la aprobaron, pueden ser admitidos a nuevos exámenes, conforme a lo dispuesto por el Reglamento de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

Fundación Facultad de Derecho
Eugenio María De Hostos

                        MC-1996-25


Voto Particular emitido por el Juez Asociado señor Fuster Berlingeri.


        San Juan, Puerto Rico, a 18 de febrero de 2000.


        Creo menester expresar brevemente las razones que me han llevado a suscribir la Resolución emitida hoy por el Tribunal sobre la FFDEMH y sus egresados. Debo hacerlo porque durante los pasados cuatro años he sido uno de los miembros de este Foro que con gran vehemencia ha promovido y defendido nuestras dos decisiones anteriores que permitieron a dichos egresados tomar los exámenes de reválida de 1997, 1998 y 1999, a pesar de que éstos no cumplían con los requisitos legislativos y reglamentarios pertinentes.

        Como profesor de derecho que fui por muchos años en las tres escuelas acreditadas de Puerto Rico y en otras de Estados Unidos y el extranjero, me sentí muy esperanzado al establecerse la FFDEMH, en

vista de las metas educativas excepcionales que esa institución se propuso como razón de ser. En particular, su radical compromiso filosófico con el propósito de formar abogados puertorriqueños plenamente orientados hacia el servicio de los menos favorecidos y hacia un inquebrantable desempeño profesional ético y justo, era para mí algo que debía apoyarse en todo lo posible.

Sin embargo, al cabo de siete años de establecida la FFDEMH es ahora patentemente claro para mí que esa institución encara un **irremediable problema medular** que le impide realizar sus elevados propósitos. Ese problema es que la FFDEMH no logra reclutar suficientes estudiantes que por su aprovechamiento y formación académica previa estén capacitados para culminar sus estudios con la aprobación del examen de reválida. Ello fue intimado en su informe de 11 de julio de 1997 por el Comité de Acreditación nombrado por este Tribunal para evaluar la solicitud de aprobación presentada ante nos por la FFDEMH. Ha sido sugerido, además, por la ABA en las dos evaluaciones que ésta ha realizado de la FFDEMH. Surge también de modo palmario de las estadísticas que este Tribunal tiene sobre los revalidantes, según se refleja, por ejemplo, en la tabla siguiente, respecto al principal índice de admisión a escuelas de derecho de Puerto Rico, conocido como el PAEG.

| Año | Puntuación Promedio en el PAEG para todos los Aspirantes Reválida de PR | **Puntuación Promedio en el PAEG para todos los Aspirantes Reválida de EMH** | Puntuación Promedio en el PAEG para todos los Aspirantes Reválida de UPR |
|---|---|---|---|
| 1997 | 604 | **532** | 660 |
| 1998 | 593 | **504** | 657 |
| 1999 | 595 | **509** | 655 |

La FFDEMH acepta esta realidad innegable, pero alega que no ha podido reclutar mejores estudiantes porque carece de acreditación. Su insistencia en este argumento circular quizás le impide a sus directores percatarse de la probable raíz radical de su problema, que es que en la región geográfica de Puerto Rico que la FFDEMH pretende servir no hay

suficientes estudiantes idóneos como para sostener una cuarta facultad de derecho en el país.

Debido a razones económicas, académicas y de prestigio personal, muchos de los estudiantes de la región aludida que están bien capacitados para estudiar derecho optan por asistir a alguna de las tres escuelas de derecho acreditadas de Puerto Rico, que tienen todas una merecida reputación de ser instituciones fidedignas; y que tienen, algunas de ellas, costos de estudio más bajos que los de la FFDEMH. Esta institución entonces sólo tiene disponible para su reclutamiento a estudiantes que en su mayoría carecen del aprovechamiento y la formación académica previa que son necesarios para cursar estudios de derecho con pleno éxito.

Algunas estadísticas a nuestra disposición sugieren la apreciación expresada en los dos (2) párrafos anteriores. Por un lado, debe destacarse que de todos los revalidantes que aprobaron los exámenes de septiembre de 1997, 1998 y 1999, sólo el **12%** procede de los 16 municipios de la región Oeste que constituye al área geográfica de reclutamiento de la FFDEMH. (De estos, el 70% eran egresados de las tres escuelas de derecho acreditadas de Puerto Rico.) Lo anterior sugiere claramente que si la FFDEMH lograse reclutar **todos** los estudiantes  idóneos de su región -lo cual es muy cuestionable- aun así ellos constituirían **un grupo muy reducido de estudiantes para sostener a dicha institución**.

Por otro lado, aunque la FFDEMH justifica su existencia en gran medida como una institución que busca servir la región Oeste de Puerto Rico, es claro que la mayor parte de sus egresados en realidad **no procede de los 16 municipios de esa región**.  En efecto, **54%** de los egresados de la FFDEMH que han tomado la reválida en tres años no proceden de esa región. La inmensa mayoría -85%- de estos egresados, que provienen incluso de lugares remotos como Humacao, Caguas, Bayamón, Las Piedras, Luquillo, Ponce y San Juan, no sólo no aprobaron el examen

de reválida, sino que además tenían como norma general índices de PAEG muy por debajo de la puntuación promedio de todos los revalidantes. **Lo anterior sugiere que la mayor parte de los egresados de la FFDEMH, que son personas que no proceden de la región del Oeste de la isla, son aspirantes que no fueron aceptados a estudiar derecho por las tres escuelas acreditadas de Puerto Rico**.

El hecho de que la FFDEMH admita a sus aulas a estudiantes de otras regiones de Puerto Rico, que tienen índices académicos tan limitados que evidentemente no serían admitidos a las otras tres escuelas de derecho de la isla, delata **otro problema grave** que encara esa institución: **su precaria condición económica**. Como la población estudiantil de donde la FFDEMH hace su reclutamiento tiene las limitaciones aludidas, esta institución no puede sostenerse sólo de lo que le cobra a sus estudiantes. Como no forma parte de una universidad, tiene que recurrir a otras fuentes externas para obtener donativos, que en Puerto Rico tradicionalmente siempre han sido escasas. De hecho, la información que tenemos relativa a este asunto tiende a demostrar que la FFDEMH se sostiene a duras penas gracias a subsidios cuantiosos del Municipio de Mayagüez y del Fondo de Fianza Notarial de Puerto Rico, entre otros.  Se trata de subsidios de fuentes poco idóneas, con respecto a los cuales no puede haber certeza alguna de que seguirán dándose indefinidamente. Esta precaria condición económica levanta graves dudas sobre si la FFDEMH podrá cumplir con sus objetivos académicos, sobre todo en vista de que por ser una institución joven, tiene una particular necesidad de hacer inversiones sustanciales para su desarrollo.  Mi experiencia como Presidente de una universidad privada, y como Decano de la Escuela de Derecho de la Universidad de Puerto Rico, me hace pensar que son válidas las graves reservas que tanto nuestro Comité de Acreditación como el ABA han expresado sobre la viabilidad económica de la FFDEMH.

A la luz de todo lo anterior, si es correcta en particular mi apreciación de que la FFDEMH **no tiene a su alcance una población estudiantil adecuada para realizar sus objetivos**, entonces es ineludible encararse con el hecho de que esta institución inevitablemente ha de continuar dependiendo para subsistir de aceptar a sus aulas a personas que en su inmensa mayoría no han de aprobar el examen de reválida. En vista de los altos costos que conlleva la educación en la FFDEMH, que en tres años de estudio suman al menos $100,000.00 por estudiante, y en vista, además, de los enormes sacrificios personales de esos estudiantes –y sus familiares– por plasmar la ilusión de convertirse en abogados, es menester preguntarse entonces si este Foro debe continuar alentando los esfuerzos y gastos de esos estudiantes, a pesar de que estamos convencidos de que la inmensa mayoría de ellos no ha de aprobar los exámenes de reválida.

En los círculos jurídicos del país es conocida la lamentable experiencia que tuvimos en el pasado cuando numerosos egresados de otras escuelas de derecho recién fundadas no lograban aprobar los exámenes de reválida. Se creó una numerosa población de aspirantes al ejercicio de la profesión, quienes fracasaban en el examen de reválida a pesar de haber invertido muchos años de estudios y recursos significativos en obtener un título jurídico y en prepararse para dichos exámenes. Para atender esa grave situación, este Foro, a través de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía, coordinó esfuerzos con la American Bar Association, y se logró que las escuelas de derecho referidas elevasen significativamente sus criterios de admisión, y de ese modo, que limitasen notablemente el número de estudiantes que aceptaban a sus aulas.

Se trabajó conjuntamente, pues, para procurar que las instituciones referidas no admitiesen a estudios jurídicos candidatos poco idóneos para aprobar el examen de reválida. En vista de ello, es evidentemente incongruente que, al cabo de varios años de establecida,

el grueso del estudiantado de la FFDEMH consista de tales estudiantes poco idóneos.  Carece de equidad y de sentido educativo y profesional que dicha institución pueda continuar haciendo lo que las escuelas de derecho bien establecidas en el país no pueden hacer ya, por su propio convencimiento y por las exigencias que le han hecho a dichas escuelas este Foro y la American Bar Association.

Por las razones expuestas, y luego de haber llegado al juicio ponderado de que es altamente improbable que la FFDEMH pueda lograr sus objetivos por razones principalmente demográficas y económicas, al cabo de varios años no encuentro ahora fundamentos suficientes para continuar votando a favor de que para los egresados de la FFDEMH se hagan excepciones a las normas vigentes sobre la admisión al ejercicio profesional, que obligan a todos los otros candidatos a reválida del país. Por ello, con gran pesar, me he visto compelido a suscribir la decisión del Tribunal.


                                        JAIME B. FUSTER BERLINGERI
                                                JUEZ ASOCIADO