MC-96-25                                                      1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Fundación Facultad de Derecho Eugenio María de Hostos | Recurso Misceláneo 2000 TSPR 38 |
|---|---|

Número del Caso: MC-1996-0025

Fecha: 09/03/2000

Abogado de la Fundación Facultad de Derecho Eugenio María de Hostos: Lcdo. Harry Anduze Montaño, Presidente Junta de Síndicos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Fundación Facultad de Derecho
Eugenio María de Hostos                    MC-96-25

RESOLUCIÓN

San Juan, Puerto Rico, a 9 de marzo de 2000.

El 18 de febrero de 2000 emitimos una Resolución en la que denegamos la solicitud de la Fundación Facultad de Derecho Eugenio María de Hostos (en adelante FFDEMH) para que sus egresados fueran elegibles para ser admitidos a los exámenes de reválida que administra la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía y la Notaría. Resolvimos, además, que "[a]quellos egresados de la FFDEMH que fueron admitidos a los exámenes de reválida de 1997, 1998 y 1999 y no la aprobaron, pueden ser admitidos a nuevos exámenes, conforme a lo dispuesto por el Reglamento de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía". *In re* Fund. Fac. Der. Eugenio Ma. de Hostos, res. el 18 de febrero de 2000, 2000 TSPR 25, n.2.

De dicha determinación la FFDEMH no ha solicitado reconsideración.

Luego de la notificación de esta Resolución, el Director Ejecutivo de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía y Notaría, mediante memorando del 24 de febrero de 2000 nos expuso las siguientes interrogantes:

1. Si son elegibles para ser admitidos a la reválida general los aspirantes egresados de la FFDEMH que en 1997, 1998 y 1999 sólo solicitaron la reválida notarial y no la aprobaron.

2. **Si son elegibles para ser admitidos a la reválida notarial los egresados de la FFDEMH que en el pasado sólo han solicitado la reválida general.**

3. Si son elegibles para ser admitidos a examen los egresados de la FFDEMH que fueron admitidos previamente a alguno de los exámenes de reválida, pero se ausentaron.

Para precisar quiénes de los egresados de la FFDEMH están autorizados a solicitar y ser admitidos a los exámenes de reválida general y de derecho notarial, procedemos a aclarar el alcance de nuestra directriz del pasado 18 de febrero de 2000.

I

El poder inherente de este Tribunal para establecer quién puede ser admitido al ejercicio de la abogacía en nuestra jurisdicción no está en disputa. Conforme a claros precedentes firmemente arraigados en nuestra tradición jurídica, "[l]a facultad de autorizar al ejercicio de la abogacía ha sido siempre prerrogativa exclusiva del poder judicial". Guerrero Noble v. Tribunal de Apelación de Contribuciones de Puerto Rico, 60 D.P.R. 241, 248 (1942). Temprano en este siglo y en la historia de este Foro, este Tribunal se hizo eco de una larga trayectoria jurisprudencial de otras jurisdicciones que reconocía el carácter judicial de la admisión de una persona a la abogacía. Coll v. Leake, Juez de Distrito, 17 D.P.R. 857 (1911). Hemos expresado, al respecto, que:

> La admisión de una persona al ejercicio de la abogacía es una función de carácter puramente judicial. Entre las facultades inherentes a la rama judicial de nuestro Gobierno está la de determinar los requisitos que deberán cumplir y las cualidades que deberán reunir los solicitantes de una licencia para ejercer como abogados ante sus tribunales. Ex parte, Jiménez, 55 D.P.R. 54 (1939).

Estas expresiones también están recogidas en nuestra jurisprudencia tanto antes como después de la aprobación de la Constitución. En dicha jurisprudencia se sostiene ampliamente que la remoción, al igual que la admisión al ejercicio de la abogacía, es facultad inherente de la rama judicial. In re Rodríguez Torres, 16 D.P.R. 698 (1978). Véanse además, In re Liciaga, 82 D.P.R. 252 (1961); In re Andréu Ribas, 81 D.P.R. 90 (1959), In re Pagán, 71 D.P.R. 761 (1950); In re Abella, 67 D.P.R. 229 (1947). El carácter judicial que le reconocimos a este poder fue respetado por los constituyentes cuando aprobaron la Constitución del Estado Libre Asociado de Puerto Rico en 1952. Véase, In re Rodríguez Torres, supra, en la pág. 748, n.2.

En nuestra jurisdicción, el poder para regular la admisión al ejercicio de la abogacía recae en este Tribunal con exclusión de cualquier otro foro. Guerrero Noble v. Tribunal de Apelación, supra. Por ello, hemos destacado en el pasado que aun cuando las otras ramas de gobierno puedan aprobar legislación que incida sobre esta materia, la misma sería "puramente directiva, no mandatoria para est[e Tribunal]". Colegio de Abogados de Puerto Rico v. Schneider y otros, 112 D.P.R. 540 (1982); K-mart Corporation v. Wallgreens of Puerto Rico, Inc., 121 D.P.R. 633 (1988). En vista de lo anterior, resulta claro que cualquier persona que aspire a ejercer la abogacía en Puerto Rico tiene que cumplir con los requisitos reglamentarios que hemos establecido para la admisión a los exámenes de reválida. La aprobación de la FFDEMH por esta Curia, es pues, condición necesaria para que sus egresados puedan ser elegibles para ser admitidos a los exámenes de reválida que administra la Junta Examinadora. Véase, Regla 4.1, Reglamento para la Admisión de Aspirantes al Ejercicio de la Abogacía y la Notaría. Así lo ha reconocido la FFDEMH en sus múltiples comparecencias ante este Foro en las que claramente ha destacado el carácter judicial de la admisión de una persona al ejercicio de la abogacía y el carácter meramente directivo de cualquier expresión que al respecto emita otro foro que no sea este Tribunal.[1]

---

[1] Al respecto, la FFDEMH nos ha expresado, con acierto,

II

Fue al amparo de nuestro poder inherente para regular la admisión al ejercicio de la abogacía que autorizamos condicionalmente a los egresados de la FFDEMH su admisión a los exámenes de reválida en 1997, 1998 y 1999. Res. el 13 de agosto de 1997 y res. 1 de abril de 1998, 98 TSPR 35. Esa determinación, entre otros propósitos, tuvo como objetivo principal evaluar el desempeño de esos aspirantes como parte del análisis cabal e integral de la solicitud de la FFDEMH. En esa ocasión, advertimos que nuestra autorización provisional no tenía carácter de precedente judicial. _In re_ Fund. Fac. Der. Eugenio Ma. de Hostos, res. el 13 de agosto de 1997. También instruimos a la FFDEMH a que notificara nuestra Resolución a todos sus estudiantes, presentes y futuros, para que estuvieran debidamente advertidos de que la acreditación de la institución, y por lo tanto, la admisión a los exámenes de reválida de futuros egresados, estaba condicionada a que la FFDEMH obtuviera una decisión favorable a su solicitud de acreditación.

Finalmente, el 18 de febrero de 2000 emitimos nuestra determinación en torno a la solicitud de la FFDEMH. Resolvimos denegar dicha petición toda vez que la FFDEMH no pudo demostrar que subsanó las deficiencias que le fueron notificadas en pasadas resoluciones. Nos fue particularmente revelador que la FFDEMH no ha podido superar sus dificultades fiscales, --las que a su vez se traducen en serias limitaciones de crecimiento institucional--, y el pobre desempeño de sus egresados en los exámenes de reválida, más aún, cuando los comparamos con las otras escuelas de derecho de Puerto Rico.

Conforme a los resultados de las reválidas administradas en los últimos tres años, de los **158** egresados de la FFDEMH, un total de **71**, o el **44.9%**, ha aprobado la reválida de derecho general en alguna de las cinco ocasiones en que fue

---

lo siguiente:

> La Constitución de Puerto Rico le asigna al Tribunal Supremo de Puerto Rico la función de ejercer el Poder Judicial, conjuntamente con aquellos tribunales que se establezcan por ley. Como tal, el Tribunal Supremo tiene una función rectora constitucional de reglamentar los requisitos y trámites referentes a la admisión y ejercicio de la abogacía. Este Honorable Tribunal ha reconocido que la admisión de una persona al ejercicio de la abogacía es una función de carácter puramente judicial. Entre las facultades inherentes a la rama judicial de nuestro Gobierno está la de determinar los requisitos que deberán cumplir y las cualidades que deberán reunir los solicitantes de una licencia para ejercer como abogados ante sus tribunales. [...] A tenor con la doctrina de separación de poderes y los poderes inherentes del Tribunal, la rama legislativa no goza del poder de promulgar leyes estableciendo los requisitos para la admisión a la abogacía. Véase, "Moción de reconsiderción y/o en cumplimiento de resolución", de 28 de octubre de 1996, en las págs. 6 a la 11.

administrada desde que se graduó la primera clase de esa institución. Si comparamos esta cifra con las obtenidas por las demás escuelas de derecho de Puerto Rico en el mismo período, podemos percatarnos de que el desempeño de los egresados de la FFDEMH, medido en términos del éxito obtenido en los exámenes de reválida, es significativamente inferior. Así por ejemplo, de los **384** egresados de la Escuela de Derecho de la Universidad de Puerto Rico que se examinaron en el período en que fueron admitidos a examen los egresados de la FFDEMH, **359** o el **93%** aprobó la reválida; de los **458** egresados de la Universidad Interamericana en el mismo período, **394**, o el **86%** la aprobó; y de los **371** graduados de la Pontificia Universidad Católica, **265** o el **71%** aprobó la reválida.

Por otro lado, como parte del proceso de evaluación de la FFDEMH, este Tribunal ha tomado en cuenta, no sólo los hallazgos y recomendaciones del Comité de Acreditación que nombramos en diciembre de 1996, sino también los hallazgos y recomendaciones formuladas por el Comité de Acreditación de la "American Bar Association", [en adelante A.B.A.] en sus dos informes sobre dicha institución. Ello ha sido así por razón de la experiencia y peritaje que dicha entidad posee en la evaluación de escuelas de derecho. Como afirmamos en nuestra Resolución del pasado 1 de abril de 1998:

> ...[E]ste Tribunal no puede ignorar la reconocida capacidad de los organismos que ejercen la función acreditadora de escuelas de Derecho en la A.B.A.; ni que esa acreditación por la A.B.A. sirve propósitos importantes aun para las instituciones de Puerto Rico y sus egresados, por lo que la ausencia de esa acreditación no puede tomarse livianamente. *In re* Fund. Fac. Der. Eugenio Ma. de Hostos, res. el 1 de abril de 1998, 98 TSPR 35, pág. 3.

Sobre estos extremos tomamos conocimiento que la A.B.A. ejerce una supervisión cuidadosa e intensa sobre las tres escuelas de derecho de Puerto Rico que están actualmente acreditadas con nuestra anuencia. Dichas instituciones, por ende, están sujetas a las normas de excelencia académica que fija la A.B.A. y que este Tribunal adoptó en su Resolución del 20 de diciembre de 1996 sin objeción de la FFDEMH.

Además, no sería equitativo que las otras escuelas de derecho tengan que observar las normas referidas y que la Fundación Facultad de Derecho Eugenio María de Hostos no. Es preciso destacar que la acreditación por parte de la A.B.A. garantiza que los estudiantes de una escuela de derecho puedan lograr acceso a diversas fuentes de financiamiento que le permitirían costear sus estudios jurídicos. Esas fuentes no estarían disponibles si la institución académica en donde estudian carece de la acreditación de la A.B.A. Asimismo, la acreditación de la A.B.A. posibilita que los egresados de una escuela de derecho de Puerto Rico puedan ser admitidos al ejercicio de la abogacía en Estados Unidos.

No es, pues, arbitrario ni irrazonable tomar en consideración los criterios y recomendaciones que la A.B.A. formule sobre una institución académica en formación, más aún cuando parte de las posibilidades de crecimiento académico y profesional de sus estudiantes está condicionado a la

obtención de esa acreditación. Además, como parte de nuestro poder inherente para regular la admisión a la abogacía, no cabe duda de que podemos tomar en consideración la experiencia y conocimientos de otros foros especializados en la materia.

La propia FFDEMH reconoce el valor e importancia de la acreditación de la A.B.A. al solicitar en dos ocasiones acreditación provisional a dicha institución. En ambas ocasiones sus solicitudes fueron denegadas. Más aun, la FFDEMH nunca se opuso a que el Comité de Acreditación que nombramos en 1996 utilizara los criterios de evaluación de la A.B.A., según lo instruimos.

Por otro lado, aunque la FFDEMH solicitó la acreditación de la A.B.A. en dos ocasiones, dicha institución ha argumentado ante nos que este Tribunal no debe tomar en cuenta el hecho de que la A.B.A. en ambas ocasiones no le ha otorgado ni siquiera una acreditación provisional. Dicha postura es contradictoria.

Asimismo al plantearnos en sus comparecencias anteriores que no debemos tomar en cuenta el hecho de que la A.B.A. haya denegado sus solicitudes de acreditación, la FFDEMH se ampara en que este Tribunal aceptó a los exámenes de reválida a los primeros egresados de las escuelas de derecho de la Universidad Interamericana y la Universidad Católica, a pesar de que éstas tampoco contaban con la acreditación del A.B.A. Aunque las circunstancias de estas decisiones fueron muy diferentes a las actuales, recordemos que cuando los egresados de las escuelas referidas fueron admitidos a exámenes de reválida no hubo controversia alguna sobre si dichas instituciones estaban acreditadas o no por la A.B.A. En las respectivas Resoluciones emitidas por este Tribunal el 17 de junio de 1963, respecto a los egresados de la Universiad Interamericana, _In re_ Calderón Lassén, 88 D.P.R. 931 (1963), el 9 de septiembre de 1964 respecto a los de la Universidad Católica, _Ex Parte Héctor Abréu Delgado,_ 90 D.P.R. 911 (1964), no se hace mención alguna sobre si dichas instituciones estaban acreditadas o no por el A.B.A. Tampoco se discute el asunto en los diversos votos explicativos emitidos por jueces particulares, ni en los informes considerados por el Tribunal rendidos por los respectivos comités de acreditación nombrados para estos fines.

Debe señalarse, además, que el 11 de marzo de 1969, pocos años después de haberse aceptado a reválida los egresados de la Universidad Interamericana y de la Universidad Católica, este Tribunal se vio en la necesidad de requerirle al Consejo de Educación Superior de Puerto Rico que realizara una evaluación a fondo de las escuelas de derecho del país. Ello fue provocado por el grave problema que representaba el alto porcentaje de personas que fracasaban los exámenes de reválida, particularmente los egresados de las dos escuelas referidas. _In re Solicitud al Consejo de Educación Superior para el Estudio y Evaluación de la Enseñanza del Derecho en las Escuelas de Derecho de Puerto Rico_, 97 D.P.R. 863 (1969).

Ese problema eventualmente se conjuró y este Foro debe evitar que se repita. En el ejercicio de nuestro poder inherente para regular la admisión a la abogacía, tenemos la ineludible obligación de garantizar que los abogados admitidos a la práctica posean la competencia necesaria para

proveer servicios profesionales de excelencia. La decisión notificada el 18 de febrero pasado, a la luz de la realidad actual de la FFDEMH era, por tanto, procedente.

Tomamos también conocimiento de que de dicha Resolución la FFDEMH no ha solicitado reconsideración. Habiendo transcurrido el término de reconsideración dispuesto en el Reglamento del Tribunal, <u>nuestra Resolución del 18 de febrero de 2000 advino final</u>.

III

A pesar de esta determinación, resolvimos permitir la admisión a futuros exámenes de reválida a todos los egresados de la FFDEMH que en 1997, 1998 y 1999 fueron admitidos a los exámenes de reválida y no la aprobaron. No obstante, examinado lo expuesto por el Director Ejecutivo de la Junta Examinadora, se amplía esta directriz para que puedan ser admitidos a los exámenes de reválida de marzo de 2000, y a exámenes posteriores, todos los egresados de la FFDEMH que entre septiembre de 1997 y septiembre de 1999 eran elegibles para ser admitidos a examen por cumplir con todos los requisitos reglamentarios, incluyendo haber finalizado sus estudios de Derecho. Dicho de otro modo, son elegibles para ser admitidos a futuros exámenes de derecho general y de derecho notarial todos los aspirantes de la FFDEMH que finalizaron sus estudios de derecho durante el periodo antes señalado. Por ende, esto incluye las tres situaciones planteadas por el Director Ejecutivo de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía. Claro está, deberán, además, cumplir con los demás requisitos reglamentarios aplicables.

Se instruye al Director Ejecutivo de la Junta Examinadora a que evalúe las solicitudes de admisión a los exámenes de reválida general y notarial de los egresados de la FFDEMH conforme a esta directriz.

Notifíquese esta Resolución a la FFDEMH a través de facsímil y por la vía ordinaria. La FFDEMH, a su vez, deberá proveer copia de esta Resolución a todos sus estudiantes, actuales y futuros, para que estén debidamente advertidos de su contenido.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García inhibido.

Isabel Llompart Zeno<br>Secretaria del Tribunal Supremo