*In re* Fundación Facultad de Derecho Eugenio María de Hostos, peticionaria.

*Número:* MC-96-25          *Resuelto:* 20 de diciembre de 1996

*José A. Cuevas,* abogado de la peticionaria.

# RESOLUCIÓN

## I

El 17 de septiembre de 1996 la peticionaria, Fundación Facultad de Derecho Eugenio María De Hostos, compareció ante nos y solicitó que se autorizara a sus estudiantes del curso de Clínica a postular ante el Tribunal de Primera Instancia, conforme lo dispone la Regla 12(f) de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A.

El 11 de octubre de 1996, mediante resolución, resolvimos no considerar la referida solicitud hasta tanto la peticionaria cumpliese con los requisitos de acreditación correspondientes. Observamos entonces que dicha institución aún no había solicitado ser aprobada o acreditada por este Tribunal, y que ni siquiera había presentado una solicitud de acreditación provisional ante la *American Bar Association* (en adelante ABA).

El 28 de octubre de 1996 la peticionaria nos remitió una copia de la solicitud de aprobación provisional que días antes, el 25 de octubre de 1996, había presentado a la ABA. Nos pidió entonces que dicha solicitud al ABA fuese acogida por este Tribunal como la solicitud formal de la peticionaria para obtener nuestra aprobación o acreditación, conforme a lo dispuesto en nuestro Reglamento. También nos pidió que, en el ínterin, mientras este Foro llevaba a cabo el proceso de aprobación o acreditación de la institución, se permitiese de manera provisional que sus estudiantes pudiesen postular ante el Tribunal de Primera Instancia, a tenor con la referida Regla 12(f).

El 11 de diciembre de 1996 los estudiantes de tercer año de la Facultad de Derecho Eugenio María De Hostos comparecieron ante nos por derecho propio y solicitaron también que, como remedio provisional, se les permitiese postular del modo contemplado en la citada Regla 12(f) de este Tribunal.

En esa misma fecha, el Colegio de Abogados de Puerto Rico solicitó que se le permitiese comparecer como *amicus curiae* en este asunto.

El 13 de diciembre de 1996 la Asociación Nacional de Estudiantes de Derecho (en adelante ANED) también solicitó que se le permitiese comparecer como *amicus curiae* en este asunto.

## II

Examinados todos los escritos aludidos, resolvemos:

(1) Se iniciará de inmediato un proceso de evaluación de la Facultad de Derecho Eugenio María De Hostos. Este se conducirá usando como base los criterios pertinentes de la ABA (*Standards for Provisional Approval of Law Schools*), que son los que, de ordinario, se utilizan para la acreditación inicial de todas las Escuelas de Derecho de Puerto Rico y de Estados Unidos, y los que la peticionaria afirma que ya satisface.

A los fines de realizar la evaluación aludida de modo expedito, se nombra un Comité de Acreditación para realizar las labores correspondientes, integrado por el Lcdo. Rafael Alonso Alonso, como su presidente, la Hon. Juez Liana Fiol Matta y el Lcdo. José Alberto Morales. Este comité, auxiliado por el Secretariado de la Conferencia Judicial y otros recursos que requiera, presentará al Tribunal un informe de evaluación que contenga las determinaciones de hecho y las recomendaciones afines que estime pertinente, para que a la brevedad posible este Foro pueda emitir su decisión sobre la acreditación de la peticionaria, contemplada tanto en la Regla 12(f) de nuestro Reglamento, *supra*, como en la Regla 2(a)(2) del Reglamento de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía, 4 L.P.R.A. Ap. VII-B.

Se le requiere a los decanos de la Escuela de Derecho de la Universidad de Puerto Rico, de la Escuela de Derecho de la Universidad Interamericana y de la Escuela de Derecho

de la Pontificia Universidad Católica de Puerto Rico que presten al Comité de Acreditación y al Secretariado de la Conferencia Judicial toda la colaboración necesaria para obtener expeditamente los datos correspondientes sobre sus respectivas instituciones, que permitan hacer las comparaciones pertinentes en relación con las condiciones de la escuela que ha de ser evaluada.

(2) Se declara no ha lugar a las solicitudes de autorización provisional para que los estudiantes de la peticionaria puedan postular bajo la citada Regla 12(f). Esta determinación no impide que la peticionaria desarrolle en el ínterin un programa de Clínica, en el cual sus estudiantes de tercer año colaboren estrechamente con los abogados-profesores de este curso, en todos los aspectos de la prestación de servicios legales a indigentes, y que incluso, como observadores, acompañen a esos abogados-profesores en los procesos judiciales o administrativos, en los cuales éstos representen a los clientes indigentes, como sucedía en los programas de Clínica que existían en el país antes de aprobarse la citada Regla 12(f).

(3) Se declara no ha lugar en esta etapa las solicitudes para comparecer como *amicus curiae* del Colegio de Abogados de Puerto Rico y de la ANED.

*Publíquese.*

Lo pronunció, manda el Tribunal y certifica el señor Secretario del Tribunal Supremo. El Juez Asociado Señor Hernández Denton, aunque hubiese preferido que se le autorizara provisionalmente a los estudiantes de la Facultad de Derecho Eugenio María De Hostos a postular al amparo de la citada Regla 12(f), aún así entiende que la Resolución del Tribunal le permite al peticionario iniciar y desarrollar un programa clínico que exponga a sus estudiantes a la mejor práctica forense.

*(Fdo.)* Francisco R. Agrait Lladó
*Secretario del Tribunal Supremo*