*In re* FUNDACIÓN FACULTAD DE DERECHO EUGENIO MARÍA DE HOSTOS.

*Número:* MC-96-25    *Resuelto:* 1ro de abril de 1998

*José A. Cuevas Segarra*, abogado de la peticionaria.

## RESOLUCIÓN

Examinados detenidamente los escritos de la Fundación Facultad de Derecho Eugenio María De Hostos (en adelante la F.F.D.E.M.H.) de 31 de diciembre de 1997 y de 3 de marzo de 1998, este Tribunal estima que la institución referida tiene todavía limitaciones sustanciales que impiden que este Foro le extienda ahora la acreditación requerida por la Regla 2(a)(2) del Reglamento de la Junta de Aspirantes al Ejercicio de la Abogacía, 4 L.P.R.A. Ap. VII-B. En

particular, nos preocupa los aspectos que presentamos a continuación

Primero, según nuestro criterio, la F.F.D.E.M.H. no cuenta con la solidez presupuestaria necesaria para atender de manera segura y adecuada sus gastos operacionales y de financiamiento, que incluyen los relativos a su programa de mejoras permanentes y a la construcción del edificio destinado a la Biblioteca.

Segundo, la F.F.D.E.M.H. ha demostrado serias dificultades para reclutar estudiantes cuyos índices de ingreso sean comparables con los de los estudiantes de las tres Escuelas de Derecho acreditadas de Puerto Rico. Esto levanta dudas sobre si en los próximos años la mayoría de los egresados de esta institución habrá de desempeñarse exitosamente en el examen de reválida que éstos deben aprobar para ingresar al ejercicio de la profesión. El resultado obtenido por los egresados de la F.F.D.E.M.H. en la reválida de septiembre de 1997, que fue aprobada sólo por 36% de sus egresados, no es de modo alguno satisfactorio. Compara muy desfavorablemente con el resultado obtenido por los egresados de las tres escuelas de derecho acreditadas, a saber: 79% (Universidad de Puerto Rico), 63% (Universidad Interamericana de Puerto Rico) y 61% (Pontificia Universidad Católica de Puerto Rico).

Nuestra grave preocupación con el limitado desempeño de los primeros egresados de la F.F.D.E.M.H. en el examen de reválida surge de la lamentable experiencia que tuvimos en el pasado, cuando numerosos egresados de otras Escuelas de Derecho recién fundadas no lograban aprobar los exámenes de reválida. Se creó el problema de un desmesurado grupo de aspirantes al ejercicio de la profesión, quienes fracasaban en el examen de reválida, a pesar de haber invertido muchos años de estudio y recursos significativos en obtener un título jurídico y en prepararse para dichos exámenes. Este problema se ha conjurado durante

los últimos años mediante medidas adoptadas o promovidas por la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía, y este Foro tiene la responsabilidad ineludible de evitar que dicho problema vuelva a surgir.

Finalmente, la F.F.D.E.M.H. no ha logrado recibir siquiera la acreditación provisional de la American Bar Association (en adelante la ABA). La ley que regula la admisión al ejercicio de la profesión jurídica en Puerto Rico requiere que para que una persona sea admitida a dicho ejercicio, ésta debe "haberse recibido de abogado en una universidad aprobada por la *American Bar Association*". 4 L.P.R.A. sec. 721(3). Independientemente de si el requisito aludido es mandatorio o meramente directivo, este Tribunal no puede ignorar la reconocida capacidad de los organismos que ejercen la función acreditadora de escuelas de Derecho en la ABA, ni que esa acreditación por la ABA sirve propósitos importantes aun para las instituciones de Puerto Rico y sus egresados, por lo que la ausencia de dicha acreditación en el caso de F.F.D.E.M.H. no puede tomarse livianamente.

Encarado con estas serias limitaciones y en virtud de medidas que dice haber tomado o ha de tomar próximamente, la F.F.D.E.M.H. afirma: (1) que no anticipa dificultades en cuanto a poder cubrir de forma adecuada sus obligaciones económicas futuras; (2) que sus egresados habrán de mejorar significativamente en su desempeño en las reválidas de 1998 y 1999, y (3) que en los próximos años habrá una mejora en los índices de ingreso de sus nuevos estudiantes.

En vista de todo lo anterior, y teniendo en cuenta que el proceso de fundar y desarrollar una Escuela de Derecho toma varios años, este Tribunal considera procedente darle una oportunidad final a la F.F.D.E.M.H. para corregir las serias limitaciones que en nuestro criterio aún adolece. Por ello, se resuelve:

(1) Admitir los egresados de la F.F.D.E.M.H. a los exámenes de reválida que habrán de ofrecerse durante 1998 y 1999.

(2) Al cabo de estos dos años se le concederá la acreditación solicitada por la F.F.D.E.M.H. si ésta ha cumplido entonces con las dos condiciones siguientes:

(a) Haber satisfecho a cabalidad todas las expectativas formuladas en sus escritos de 31 de diciembre de 1997 y de 3 de marzo de 1998 con respecto al presupuesto y las finanzas, la planta física y las mejoras permanentes, los índices de admisión de nuevos estudiantes y los resultados de sus egresados en los exámenes de reválida. En particular, los egresados de la F.F.D.E.M.H., al cabo del segundo año, deberán desempeñarse en el examen de reválida de septiembre de 1999 de modo similar a los egresados de aquella Escuela de Derecho —de las acreditadas de Puerto Rico— que haya tenido ese año el menor porcentaje de aprobación.

(b) Haber obtenido, al menos, acreditación provisional de la ABA.

(3) *De no haberse logrado estos objetivos, se denegará la acreditación de la peticionaria y no se aceptará a exámenes de reválida para el 2000 y los años subsiguientes a ningún egresado de la F.F.D.E.M.H.*

Esta Resolución se notificará individualmente a todos los estudiantes actuales de la institución. Se notificará, además, de igual modo a todos los nuevos estudiantes que se admitan en 1998 y 1999. La F.F.D.E.M.H. acreditará de modo fehaciente y oportuno haber cumplido con estos requisitos de notificación.

*Los estudiantes presentes y futuros de la institución que interesen tomar el examen de reválida a partir de 1999 quedan advertidos de que no se les aceptará a tales exámenes si la F.F.D.E.M.H. no ha sido acreditada según se dispone en esta resolución.*

*Publíquese.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Hernández Denton emitió una opinión disidente, a la cual se une el Juez Asociado Señor Rebollo López. El Juez Asociado Señor Negrón García se inhibió.

(*Fdo.*) Isabel Llompart Zeno
*Secretaria del Tribunal Supremo*

**— O —**

Voto disidente emitido por el Juez Asociado Señor Hernández Denton, al cual se une el Juez Asociado Señor Rebollo López.

Discrepamos de la decisión del Tribunal, que permite a los egresados de la Fundación Facultad de Derecho Eugenio María De Hostos (en adelante la Facultad) tomar los exámenes de reválida que habrán de ofrecerse en septiembre de 1998 y en 1999, sin que dicha institución tenga la debida acreditación de este Tribunal y de la *American Bar Association* (en adelante la ABA). En esencia, esta decisión constituye una acreditación provisional de facto de la Facultad, en clara contravención a nuestro ordenamiento y a la decisión de la ABA. Estamos ante un dictamen contrario a toda nuestra normativa y ante un precedente peligroso que es incompatible con el ideal de una profesión de excelencia.

I

La facultad de autorizar el ejercicio de la abogacía en Puerto Rico ha sido siempre una prerrogativa exclusiva de este Tribunal. Por la naturaleza e importancia de esta profesión, nuestro ordenamiento reglamenta estricta y cuidadosamente los requisitos y trámites referentes a la admisión y el ejercicio de la abogacía y notaría.

La Ley Núm. 17 de 10 de junio de 1939, según enmendada, 4 L.P.R.A. sec. 721 *et seq.*, exige que los aspirantes egresados de universidades de Puerto Rico hayan recibido sus títulos de escuelas de Derecho aprobadas por "la [ABA] y por la Corte Suprema de Puerto Rico". 4 L.P.R.A. sec. 721(3). Además, la Regla 2(a)(2) del Reglamento de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía, 4 L.P.R.A. Ap. VII-B, dispone, en lo pertinente, que para ser admitido al examen de reválida un aspirante tiene que "[h]aber cursado sus estudios de Derecho, obtenido y aprobado el grado correspondiente al título de abogado en una escuela de Derecho acreditada por el Consejo de Educación Superior y por el Tribunal Supremo de Puerto Rico, si cursó sus estudios de Derecho en Puerto Rico". Respecto a aquellos aspirantes que cursaron sus estudios de Derecho en universidades en Estados Unidos, el Reglamento de la Junta Examinadora exige que sus títulos hayan sido obtenidos en Escuelas de Derecho acreditadas por la ABA y por el Tribunal Supremo. Íd.

Resulta claro, en consecuencia, que nuestro ordenamiento requiere que los aspirantes de escuelas de derecho de Puerto Rico y los Estados Unidos obtengan sus grados en escuelas acreditadas tanto por el ABA como por el Tribunal Supremo.

El propósito del requisito anteriormente esbozado, el cual no se cuestiona, es garantizar que los aspirantes cursen sus estudios en Escuelas de Derecho que cumplan con unas normas mínimas. Entre otras, se requiere que los recursos fiscales presentes y futuros de la institución sean adecuados para sostener un programa de educación jurídica de calidad. A su vez se exige que la institución esté organizada y administrada adecuadamente, de suerte que pueda utilizar de forma eficiente sus recursos fiscales. Debe tener una facultad que posea un alto nivel de competencia, preparación, experiencia pedagógica e investigativa. Además, se requiere que la institución tenga unas

facilidades físicas que atiendan las necesidades del estudiantado, incluyendo una biblioteca con una colección completa de libros y revistas. La institución debe contar con un programa académico que le ofrezca a sus estudiantes los conocimientos y las destrezas que requiere la abogacía. Finalmente, se exigen unos requisitos de admisión que aseguren que únicamente se admitan solicitantes que estén capacitados para completar de forma satisfactoria su programa académico y, posteriormente, lograr su admisión al ejercicio de la abogacía.

Estas normas fueron extendidas al proceso de acreditación de la Facultad el 20 de diciembre de 1996. Al respecto, mediante una resolución, designamos un Comité de Acreditación para que evaluara la Facultad "usando como base los criterios pertinentes de la ABA (*Standards for Provisional Approval of Law Schools*), que son los que, de ordinario, se utilizan para la acreditación inicial de todas las Escuelas de Derecho de Puerto Rico y de Estados Unidos, y los que la peticionaria afirma que ya satisface". *In re Fund. Fac. Der. E. Ma. De Hostos*, 142 D.P.R. 176 (1996).

Sorprende, pues, que sin siquiera cumplir con los criterios mínimos requeridos por la ABA y sin la acreditación provisional que, de ordinario, inicialmente se le concede a las Escuelas de Derecho que están comenzando sus operaciones, la mayoría del Tribunal abra esta brecha. Autorizar a tomar el examen de révalida a estudiantes de una institución que el Tribunal reconoce que "tiene todavía limitaciones sustanciales que impiden que este Foro le extienda ahora la acreditación requerida por la Regla 2(a)(2) del Reglamento de la Junta de Aspirantes al Ejercicio de la Abogacía, [*supra*]", es contrario a toda nuestra normativa. Resolución, pág. 217.

Preocupa en particular que, a pesar del tiempo concedido el 13 de agosto del año pasado, la Facultad no ha subsanado las graves deficiencias detectadas por nuestro Comité de Acreditación. Como correctamente concluye la

Resolución del Tribunal, la institución "no cuenta con la solidez presupuestaria necesaria para atender de manera segura y adecuada sus gastos operacionales y de financiamiento, que incluyen los relativos a su programa de mejoras permanentes y a la construcción del edificio destinado a la Biblioteca". Resolución, pág. 218.

Con una gran ambivalencia, la mayoría del Tribunal reconoce que la susodicha Facultad no tiene una solidez financiera que le brinde a los estudiantes matriculados la seguridad de que la institución puede sostenerse; sin embargo, de facto, la acredita provisionalmente. Contrario a las mejores normas de reglamentación, ello permite que esta institución continúe operando sin ninguna garantía de que no cerrará en cualquier momento y de que sus estudiantes no perderán sus años de estudio e inversiones en matrícula, libros y hospedaje. Tampoco existen indicios de que la institución tiene los recursos para cumplir con los planes de expansión requeridos por la ABA para la acreditación provisional.

Resulta ilógico que la mayoría, no obstante estar consciente de que la Facultad ha "demostrado serias dificultades para reclutar estudiantes cuyos índices de ingreso sean comparables con los estudiantes de las tres Escuelas de Derecho acreditadas de Puerto Rico", de facto, la acredita provisionalmente hasta el 2000. Resolución, pág. 218. Además, la autoriza a continuar con su política actual de admisión, que con toda probabilidad dificultará la aprobación de la reválida. Así lo corrobora la experiencia reciente a la luz de los resultados obtenidos por sus egresados. Ésta revela que sus índices de aprobación son marcadamente inferiores a los de las otras Escuelas de Derecho acreditadas. Por otro lado, no hay ninguna exigencia de este Tribunal ni compromiso por parte de la Facultad de modificar sus normas de admisión o retención para corregir esta grave deficiencia.

## II

La decisión del Tribunal es contraria a todas las medidas adoptadas durante los últimos años por la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía con las escuelas acreditadas, con el propósito de mejorar sus criterios de admisión. Aunque el Tribunal reconoce que las medidas adoptadas por la Junta y las escuelas acreditas han resuelto el problema del porcentaje tan alto de aspirantes suspendidos en las revalidas del pasado, al autorizar a los egresados de la Facultad a tomar el examen de reválida se establecen las condiciones para que en los próximos años se repita la historia. Nos preocupan las implicaciones que esta decisión tiene sobre los esfuerzos de los profesionales que han brindado gratuitamente su tiempo para mejorar la calidad de la educación jurídica en Puerto Rico. ¿Con qué fuerza moral vamos a solicitar su colaboración en el futuro? ¿Cómo habremos de convencer a las escuelas acreditadas que continúen con sus planes de mejoramiento si el Tribunal permite que otra entidad continúe operando sin cumplir con los criterios mínimos de calidad y de solvencia económica?

Finalmente, sorprende que la mayoría del Tribunal permita que los egresados de una facultad que no ha recibido la acreditación provisional de la ABA puedan tomar la reválida hasta el 2000. De nuevo, con gran ambivalencia, el Tribunal reconoce la importancia de esta acreditación, pero de facto ignora que dicho organismo denegó la acreditación provisional a la Facultad. Aunque el Tribunal expresa que no puede tomar livianamente la ausencia de dicha acreditación, en sustrato descarta todos los fundamentos válidos de la ABA para denegar esa certificación. Dicho organismo en particular concluyó que la Facultad no demostró que cumplía sustancialmente con los estándares de la ABA ni presentó un plan confiable para subsanar las deficiencias

encontradas y cumplir con los requisitos durante los próximos tres (3) años. Si actualmente los criterios de la ABA no son realmente rectores al evaluar esta solicitud, ¿cuáles usaremos para evaluar a los egresados de las Escuelas de Derecho de Estados Unidos? ¿Los de las universidades extranjeras? ¿No estamos inconscientemente dando un trato preferente y discriminatorio susceptible de impugnación judicial?

Estamos ante un precedente peligroso que es contrario a todas las medidas adoptadas en los últimos años para mejorar la educación jurídica en Puerto Rico. Con el mayor de los respetos a los compañeros Jueces del Tribunal, entendemos que la decisión destruye toda una normativa reglamentaria, la seriedad de los trámites de acreditación de Escuelas de Derecho y la admisión de aspirantes a los exámenes de reválida.