*In re* FUNDACIÓN FACULTAD DE DERECHO EUGENIO MARÍA DE HOSTOS.

*Número:* MC-96-25        *Resuelto:* 12 de marzo de 2004

## RESOLUCIÓN

Mediante Resolución de 27 de junio de 2003, concedimos una acreditación provisional de cinco años a la Fundación Facultad de Derecho Eugenio María de Hostos (FFDEMH), sujeta al cumplimiento estricto de varias condiciones dispuestas en dicha Resolución. En la Resolución, además, expresamos que

> [l]as personas que se gradúen de la FFDEMH durante la vigencia de la acreditación provisional aquí concedida —esto es, a partir de diciembre de 2003— serán elegibles para tomar los exámenes de reválida de derecho general y de derecho notarial, siempre y cuando satisfagan los demás requisitos reglamentarios aplicables.

En dicha resolución no nos pronunciamos sobre la elegibilidad de las personas que se han graduado de la FFDEMH desde que el Tribunal emitió la Resolución de 18 de febrero de 2000, en la cual se denegó la acreditación solicitada en aquel momento por la FFDEMH, hasta la fecha de nuestra última resolución. En la Resolución de 18 de febrero de 2000 específicamente se dispuso que no se admitirían a los exámenes de reválida, a celebrarse durante el 2000 y años subsiguientes, a aquellas personas que se graduaran de la FFDEMH. Como resultado de dicha resolución, la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía y la Notaría no autorizó la admisión a los exámenes de reválida de los egresados de dicha institución en el período comprendido entre la fecha cuando fue denegada la acreditación originalmente solicitada y la fecha cuando se concedió la nueva acreditación provisional.

De acuerdo con lo dispuesto en la Resolución de 27 de junio de 2003, la FFDEMH sometió el 22 de septiembre de 2003 una moción en la que describió su propuesta para ofrecer un Programa de Análisis y Estudio de Legislación y Jurisprudencia a los egresados inelegibles para tomar el examen de reválida, según la orden del Tribunal de 18 de febrero de 2000. La propuesta permite certificar nuevamente a dichos graduados para que puedan tomar el examen de reválida al amparo de la acreditación otorgada en la Resolución de 27 de junio de 2003.

Oportunamente, referimos la propuesta de la FFDEMH al Comité de Evaluación de la Acreditación de la FFDEMH, nombrado por este Tribunal, para que nos rindiera un informe con sus recomendaciones al respecto. El Comité rindió su Informe el 31 de diciembre de 2003. En éste explica que el programa propuesto por la FFDEMH

> ... ha sido diseñado como un programa intensivo de estudio y discusión de las 13 materias que son objeto de evaluación en el examen de reválida de derecho general que administra la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía y la Notaría. Informe del Comité de Evaluación, pág. 2, Caso Núm. MC-96-25, Pieza 13.

El Comité señaló, además, que dicha propuesta tiene el propósito de "atender las deficiencias académicas que pudiera tener el grupo de egresados de esta institución que al presente es inelegible para tomar los exámenes de reválida". Íd., pág. 4. Añadió el Comité que

> [e]ste grupo de personas fue admitido a la institución con unos criterios de admisión menos rigurosos que los que actualmente la institución exige a sus nuevos estudiantes de conformidad con la Resolución del Tribunal Supremo de 27 de junio de 2003. También cursó sus estudios jurídicos en una institución cuyo ofrecimiento académico, conforme a la evidencia empírica, resultaba insuficiente para aprobar los exámenes de reválida. Íd.

Como dichos egresados no se beneficiarán de los cambios establecidos por la FFDEMH a raíz de la acreditación

provisional del 27 de junio de 2003, el Comité determinó que era deseable que el Tribunal Supremo estableciera aquellas condiciones o mecanismos que permitieran subsanar las insuficiencias académicas que dieron base a la decisión del año 2000 en la que fue denegada la acreditación a la FFDEMH.

Sobre la propuesta de FFDEMH, el Comité concluyó que

> ... dado el hecho de que este grupo obtuvo su grado en una institución que no satisfacía las exigencias académicas de la "American Bar Association" ni las del Tribunal Supremo, recomendamos que el Tribunal Supremo exija como condición para ser admitido a los exámenes de reválida que la FFDEMH recertifique el grado académico de estos aspirantes en función de la participación satisfactoria en el curso suplementario según descrito en la propuesta de la FFDEMH. Íd., págs. 6–7.

El Comité concluyó, además, que la propuesta de la FFDEMH era adecuada en cuanto a extensión, formato y contenido, y que

> ... brindaría a los egresados la oportunidad de validar el grado académico otorgado previamente en ausencia de acreditación mediante un proceso académico suplementario administrado por la FFDEMH[,] al amparo de su acreditación provisional[,] con el rigor de un currículo regular de una facultad acreditada. Íd., pág. 7.

Asimismo, el Comité estimó que "las pruebas diagnósticas contempladas en la propuesta de la FFDEMH añaden un componente valioso al proceso de estudio y capacitación para los exámenes de reválida". Íd. Además, considera que dichas pruebas proveerán un elemento de evaluación diagnóstico que permita a los egresados autoevaluarse y familiarizarse con la estructura y metodología de los exámenes de reválida. No obstante, el Comité no endosó la propuesta de la FFDEMH de que se requiera a los egresados que aprueben dichas pruebas con una puntuación acumulativa no menor de 70% como condición para certificalos de nuevo.

Finalmente, el Comité recomendó que

> ... la re-certificación de grados para permitir a los egresados tener acceso al examen de reválida esté condicionada a que los cursos se completen acorde con el contenido y formato según propuesto por la FFDEMH y que cualquier cambio en dichos cursos requiera aprobación previa del Tribunal Supremo. Íd., pág. 7.

Examinado el Informe del Comité de Evaluación, el Tribunal adopta sus recomendaciones. Por ende, se autoriza a la FFDEMH a preparar y ofrecer el Programa de Análisis de Legislación y Jurisprudencia Preparatorio para los estudiantes egresados de la FFDEMH a partir de septiembre de 1999, propuesto en su Moción de 22 de septiembre de 2003, con el propósito de validar el grado académico otorgado previamente a dichos aspirantes. Dicho programa deberá ser administrado por la FFDEMH al amparo de su acreditación provisional con el rigor de un currículo regular de una institución acreditada. En consecuencia, deberá brindar los cursos descritos en la propuesta a la luz del contenido y formato propuesto. La FFDEMH requerirá a todo egresado que se matricule en dicho programa, que certifique que ha sido debidamente informado de que su participación en el programa no garantizará su aprobación en los exámenes de reválida y que, una vez lo complete, tendrá también que cumplir con todos los requisitos de admisión a examen, dispuestos en el Reglamento para la Admisión de Aspirantes al Ejercicio de la Abogacía y la Notaría del Tribunal Supremo. Aquellos egresados de la FFDEMH que completen dicho programa, serán elegibles a tomar el examen de reválida de Derecho General y el de Derecho Notarial una vez la FFDEMH certifique nuevamente el grado académico en función del programa propuesto por la FFDEMH. Para ser elegibles para tomar los exámenes, cada aspirante deberá certificar oportunamente a la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía y la Notaría que completó dicho programa acompañando con su

solicitud de admisión al examen una certificación al respecto de la FFDEMH y, además, que deberá cumplir con todos los requisitos dispuestos en el Reglamento para la Admisión de Aspirantes al Ejercicio de la Abogacía y la Notaría.

*Publíquese.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados Señores Fuster Berlingeri y Rivera Pérez no intervinieron.

(*Fdo.*) Patricia Otón Olivieri
*Secretaria del Tribunal Supremo*