Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2011 TSPR 144 |
| Fundación Facultad de Derecho Eugenio María de Hostos | 182 DPR ___ |

Número del Caso: MC - 1996 - 25

Fecha: 30 de junio de 2011

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

MC-1996-25

Fundación Facultad de Derecho
Eugenio María de Hostos

RESOLUCION

San Juan, Puerto Rico, a 30 de junio de 2011.

I.

Para el año 1996, tras su constitución e inicio de operaciones como entidad universitaria de estudios de Derecho, la Fundación Facultad de Derecho Eugenio María de Hostos [en adelante, FFDEMH], nos solicitó acreditación provisional de modo que sus egresados pudieran ser admitidos a los exámenes de reválida que administra este Tribunal por medio de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía y de la Notaría. La solicitud se formuló a tenor con nuestras facultades de regulación y supervisión del ejercicio de la abogacía, que como hemos expresado,

es una de las áreas en las que este Tribunal tiene poder inherente.

Contando con nuestra acreditación provisional, la FFDEMH operó durante varios años. Véanse, In re Fundación Facultad de Derecho Eugenio María De Hostos, 141 D.P.R. 663 (1996); In re Fundación Facultad de Derecho Eugenio María De Hostos, 142 D.P.R. 176 (1996); In re Fundación Facultad de Derecho Eugenio María De Hostos, 143 D.P.R. 818 (1997); In re Fundación Facultad de Derecho Eugenio María De Hostos, 145 D.P.R. 217 (1998); In re Fundación Facultad de Derecho Eugenio María De Hostos, 150 D.P.R. 315 (2000); In re Fundación Facultad de Derecho Eugenio María de Hostos, 150 D.P.R. 508 (2000); In re Fundación Facultad de Derecho Eugenio María de Hostos, 158 D.P.R. 784 (2003); In re Fundación Facultad de Derecho Eugenio María de Hostos, 158 D.P.R. 786 (2003); In re Fundación Facultad de Derecho Eugenio María de Hostos, 159 D.P.R. 707 (2003); In re Fundación Facultad de Derecho Eugenio María de Hostos, 161 D.P.R. 359 (2004).

Ahora bien, como entidad universitaria de educación superior en el campo del Derecho, la enseñanza en la FFDEMH debe satisfacer altos estándares de calidad que garanticen que sus estudiantes puedan obtener una enseñanza jurídica cabal y que sus egresados puedan ejercer competentemente la abogacía. La obtención de nuestra acreditación, así como la de la "American Bar Association" [en adelante ABA], son consecuentes con esa aspiración, toda vez que tal obtención

supone que la institución de que se trate satisface exigencias rigurosas de variado género, tales como poseer un currículo de enseñanza apropiado, tener una facultad con credenciales idóneas, poseer instalaciones físicas que permitan proveer a los estudiantes una experiencia educativa amplia y variada, y contar con cierto grado de solidez institucional, tanto económica como organizativa, entre otras cosas. De esta manera, la obtención de una acreditación provisional y, eventualmente la permanente, constituye una garantía de que ha mediado una supervisión rigurosa sobre el desempeño y realidad institucional de la entidad de que se trate respecto a su capacidad para formar abogados competentes, a la luz de la experiencia sobre qué debe comprender un programa ideal de *Juris Doctor* y qué experiencia mínima debe proveer una institución a sus estudiantes. Este es el principal interés público que debemos vigilar al ejercer nuestra función de acreditar instituciones educativas que proveen el grado de *Juris Doctor.*

A lo largo de los aproximadamente ocho (8) años que la FFDEMH ha operado luego de que obtuviera la acreditación provisional, --la primera acreditación provisional se le concedió el 27 de junio de 2003 y se otorgó por un periodo de cinco (5) años, <u>In re Fundación Facultad de Derecho Eugenio María de Hostos</u>, 159 D.P.R. 707 (2003)-- hemos visto cómo ésta ha evolucionado. Originalmente se organizó como una entidad de carácter privado. Luego, para superar

adversidades, principalmente de carácter económicas, adoptó una modalidad organizativa distinta, e incluso ha explorado otras.

En el devenir de su historia, la FFDEMH ha contado con nuestra acreditación provisional en varias ocasiones. Es ésta el instrumento que permite a este Tribunal dar a la institución un rango similar al de las Escuelas de Derecho acreditadas de modo que se pueda evaluar su desempeño sobre la marcha.

La acreditación provisional con la que actualmente la FFDEMH opera fue originalmente concedida, como ya mencionamos, por un periodo de cinco (5) años. Durante ese período, se designó un Comité de Evaluación de la Acreditación Provisional de la Fundación Facultad de Derecho Eugenio Maria de Hostos (en adelante Comité de Acreditación), presidido por el licenciado Jorge Pérez Díaz, y compuesto por el Dr. Efraín González Tejera, el Dr. José González Marrero, el Lcdo. José Sosa Lloréns y el C.P.A. Rafael Martínez Margarida, que tuvo la responsabilidad de evaluar el progreso de la institución y formularnos recomendaciones a la luz de sus hallazgos.

Al vencimiento del plazo original de cinco (5) años de nuestra última acreditación provisional, concedimos un plazo adicional de tres (3) años para observar si la institución podía superar deficiencias identificadas previamente y que no logró atender de manera cabal en el plazo de cinco (5) años que le concedimos. Coincidimos con

el Comité de Acreditación cuando nos expresa que este período de tres (3) años adicionales era un plazo crítico para la institución, ya que completaría un término de ocho (8) años de operación con una acreditación provisional. A nuestro juicio, ocho (8) años es un plazo razonable para demostrar la viabilidad de una institución de enseñanza de Derecho. Por lo tanto, al finalizar el plazo de acreditación provisional de ocho (8) años, la realidad institucional de la FFDEMH revela un cuadro bastante certero de su capacidad para subsistir como una institución educativa en Puerto Rico, lo que sumado a su existencia previa, sin duda, refleja un panorama atinado de cúan viable es la institución a la luz de las exigencias impuestas y a la luz de la realidad del Puerto Rico de hoy.

El último informe de progreso de la institución fue presentado en enero del 2011. Luego de evaluarlo, el Comité de Acreditación designado por este Tribunal nos recomendó que denegáramos la extensión de la acreditación provisional. En reacción a este informe, la FFDEMH presentó una moción en oposición, cuyo contenido también hemos considerado.

No obstante, por la importancia de que reviste este asunto, procedemos a incorporar "in extenso" el contenido del "Informe del Comité de Evaluación de la Acreditación Provisional de la Fundación Facultad de Derecho Eugenio Maria de Hostos en Torno al Decimoquinto Informe de Progreso", el cual establece que:

La Fundación Facultad de Derecho Eugenio María de Hostos [en adelante, FFDEMH] sometió ante el Tribunal Supremo su Decimoquinto Informe de Progreso. Éste describe las gestiones realizadas por la institución durante el semestre que transcurre de agosto del 2010 a diciembre del mismo año. Abarca las siguientes áreas:

- Política de admisión
- Resultados de los exámenes de reválida
- Programa de desarrollo académico
- Acreditación de la *American Bar Association* [en adelante, ABA]
- Notificación a los estudiantes de las condiciones para la acreditación provisional
- Informes de progreso
- Desarrollo de la nueva biblioteca
- Administración y Finanzas
- Otras condiciones

## I.   Trasfondo

El 13 de febrero del 2008, el Tribunal Supremo de Puerto Rico extendió la acreditación provisional de la FFDEMH hasta el 30 de junio del 2011. La determinación inició un nuevo período de acreditación provisional que se sumaba al período de acreditación provisional concedido previamente por el Tribunal Supremo, y a la acreditación concedida originalmente al inicio de las operaciones de la FFDEMH, ocasión en la que ésta tampoco logró obtener la acreditación de la ABA, ni la acreditación final del Tribunal Supremo de Puerto Rico.

Al emitir la resolución en el 2008, el Tribunal impuso varias condiciones específicas que atañen a aspectos fiscales, al porcentaje de pasantía en la reválida de abogados por parte de los egresados de la FFDEMH, a la construcción de la nueva biblioteca y a las gestiones que la entidad debía realizar para obtener la acreditación de la ABA. Este período adicional de tres años era, por lo tanto, un período crítico para la institución, la cual debía demostrar no sólo que podía superar las dificultades enfrentadas, siendo las principales la situación fiscal y la relacionada a la acreditación de la ABA, sino también que podía proyectarse al futuro como una entidad solvente, estable gerencialmente y competitiva frente a las demás escuelas de Derecho de Puerto Rico.

En el pasado el Comité ha expresado serias preocupaciones sobre la posibilidad de que la FFDEMH pueda superar las dificultades enfrentadas y que pudiera proyectarse hacia el futuro llenando las

expectativas de las entidades acreditadoras. Entre otras cosas, el Comité ha sido enfático en recalcar que el desempeño financiero ha sido pobre y las medidas fiscales adoptadas han sido inefectivas y que la posibilidad de que la FFDEMH pudiera cumplir sus responsabilidades económicas y sus proyecciones de crecimiento bajo las circunstancias institucionales presentes eran escasas. La FFDEMH, de diversas maneras, ha reconocido la realidad fiscal comprometida que ha tenido. Ha explorado por su propia iniciativa distintas alternativas que no se han concretado.

Este Comité, en el ejercicio de las responsabilidades que tiene frente al Tribunal Supremo y frente a la sociedad por los intereses públicos que están implicados, respetuosamente entiende que la FFDEMH no es una entidad **económicamente viable** y que por razón de esto, su capacidad para proveer una educación de calidad, competitiva y que pueda responder satisfactoriamente a las expectativas de su matrícula, bajo el escenario actual, **es inexistente**. Además, el Comité entiende que, a pesar del largo tiempo transcurrido en las gestiones para lograr la acreditación, la FFDEMH no cuenta con un plan concreto para mejorar sus finanzas, establecer la viabilidad de su operación y culminar con éxito el proceso de acreditación por la ABA. En atención a lo anterior, el Comité recomienda **DENEGAR** una extensión a la acreditación provisional de la FFDEMH como al final de este informe se plantea.

A continuación el Comité comenta los aspectos más sobresalientes de este informe. Destacamos que el informe presentado por la FFDEMH, y sus mociones complementarias, no son extensas, razón por la cual, se limita el análisis en este documento a los aspectos sobresalientes y a la exposición de las preocupaciones del Comité sobre el contenido de los documentos evaluados. Finalizamos con una recomendación fundamentada respecto a la extensión de la acreditación provisional por parte del Tribunal Supremo de Puerto Rico, que como adelantamos, consiste en DENEGAR la extensión de la acreditación provisional.

**II. Evaluación de los aspectos más sobresalientes del Decimoquinto Informe**

**1. Política de admisión**

La FFDEMH ha mantenido desde el 2007 como política de admisión reclutar sólo estudiantes que tengan una puntuación en el EXADEP que no sea inferior a 550 puntos.

Para el período comprendido en el informe, sólo recibieron 16 solicitudes de personas que satisfacían este requisito. Admitieron de éstos sólo a 10, cuyo perfil académico está descrito en el informe.

Si bien la FFDEMH ha cumplido con el requisito establecido en el Memorando de Entendimiento y las normas adoptadas por la FFDEMH con la aprobación del Tribunal Supremo, lo cierto es que el escaso número de nuevos estudiantes arroja serias dudas sobre la capacidad real de la FFDEMH para atraer estudiantes con las credenciales académicas **mínimas requeridas** para cumplir las exigencias profesionales establecidas por la FFDEMH y la reglamentación que regula la admisión al ejercicio de la abogacía. De esta manera, independientemente que la FFDEMH haya cumplido con este requisito, lo cierto es que dicho estándar de admisión puede afectar las posibilidades de reclutamiento de la entidad y consecuentemente menoscaba los recursos fiscales provenientes de matrícula. La FFDEMH, por su parte, ha planteado en varias ocasiones que el poco número de estudiantes de nuevo ingreso es consecuencia del estatus de la solicitud de acreditación de la institución. Ha sugerido que la incertidumbre de la entidad en alguna medida ha estado ligada a cómo se ha desarrollado el proceso de evaluación de su solicitud de acreditación.

Aun cuando consideramos que tal planteamiento no es ilógico, lo cierto es que la FFDEMH sabía que la obtención de la acreditación permanente suponía que **cumpliera con las exigencias de la acreditación provisional, las cuales fueron aceptadas por la FFDEMH.** La ausencia de una acreditación permanente puede ser un disuasivo para algunos estudiantes que desconfían de la inestabilidad institucional. Pero, la inestabilidad institucional respecto a la acreditación es un asunto que sólo puede superar la FFDEMH **alcanzando la acreditación permanente mediante cumplimiento con las condiciones que fueron aceptadas para ello.**

2. **Resultados de los exámenes de reválida**
   Al presente, la FFDEMH debe lograr que no menos de un 35% de sus egresados aprueben la reválida de Derecho general en su primera oportunidad. En el examen administrado en septiembre del 2010, 5 de 9 estudiantes que lo tomaron por vez primera lo aprobaron. Porcentualmente, esto representa un 56% de pasantía para primerizos, por lo que implica que la entidad cumplió con este requisito.

3. **Programa de desarrollo académico**
   El informe de la FFDEMH detalla los programas académicos especiales desarrollados como

alternativas complementarias para el mejoramiento de sus estudiantes. Referimos al lector al Informe de la institución el cual contiene una exposición de cada uno de estos cursos. En el informe no se discute si la institución evaluó la efectividad de estos cursos y programas.

**4. Acreditación de la *American Bar Association***

Al extender la acreditación de la FFDEMH en el 2008, el Tribunal Supremo requirió a esta institución:

9. Iniciar y adelantar el proceso para obtener la acreditación provisional de la American Bar Association durante el plazo de acreditación provisional aquí concedido.

10. Atender agresivamente todos los hallazgos de la American Bar Association que impidieron la obtención de la acreditación provisional.

Con el vencimiento de la extensión de la Acreditación Provisional de la ABA, las gestiones realizadas al respecto cobran mayor importancia para la FFDEMH. En el informe, la entidad hace referencia a varias mociones selladas presentadas en el pasado. Presumiblemente, éstas se refieren a las gestiones realizadas por la entidad para lograr algún tipo de afiliación con otras entidades de educación universitaria. En el informe de progreso nada se indica respecto a gestiones específicas realizadas por la FFDEMH durante el período que cubre el informe para adelantar la obtención de la acreditación provisional. Al día de hoy el Comité desconoce qué progreso, si alguno, ha logrado la FFDEMH para cumplir satisfactoriamente con los requisitos de la ABA.

**5. Notificación a los estudiantes de condiciones de la acreditación provisional**

La FFDEMH ha cumplido sustancialmente con este requisito.

**6. Informes de progreso**

La FFDEMH ha cumplido sustancialmente con este requisito.

**7. Desarrollo de la colección de la biblioteca y construcción de la nueva sede**

En cuanto al fortalecimiento de la colección jurídica de la biblioteca de la FFDEMH, el informe refleja que han cumplido con esta condición, pues ha mantenido el proceso de adquisición de recursos

bibliográficos en la proporción establecida en el memorando de entendimiento del 2003. De esta manera, informan que durante el primer semestre del año académico 2010-2011 se añadieron 226 volúmenes impresos a la colección bibliográfica de la FFDEMH. Actualmente la biblioteca de ésta cuenta con 67,300 volúmenes impresos y 135,106 volúmenes en microformato. La proporción es de 33.25% volúmenes impresos y 66.75 en microformato. Prevén aumentar en el futuro la proporción de volúmenes impresos frente a los de microformato.

Por otro lado, en cuanto a la construcción de la sede de la nueva biblioteca, en pasados informes la FFDEMH ha informado que estimaban que la construcción de ésta debía estar sustancialmente completada en febrero del 2011. En el informe aquí evaluado informan que debido a reclamaciones de subcontratistas en cuanto al pago de sus servicios por parte del contratista, no se han certificado varios meses de trabajo y al presente examinan la posibilidad de ejecutar la fianza "Payment and Performance Bond". Esta situación ha motivado que reexaminen las expectativas en cuanto a la fecha de finalización de la construcción de la biblioteca.

La información suministrada revela que el itinerario previsto para completar la construcción de la biblioteca debe revisarse. El Comité carece de información más precisa al respecto. De hecho, la información contenida en el Informe de la FFDEMH es insuficiente para determinar el alcance de los problemas indicados. Destacamos, sin embargo, que bajo las condiciones establecidas en la resolución del Tribunal Supremo en la que se extendió la acreditación provisional de la FFDEMH sólo se requirió a ésta que iniciara la construcción de la biblioteca no más tarde de una fecha en particular sin que se le requiriera que la completara en una fecha en específico.

## 8. Administración y Finanzas

La situación financiera de la FFDEMH ha continuado debilitándose, no empece el apoyo económico del gobierno de Puerto Rico. En los pasados dos años fiscales (2009 y 2010) la Facultad ha experimentado disminuciones en sus ingresos y pérdidas (disminución de activos netos) en sus operaciones ascendentes a más de $600,000 anuales. La información financiera más reciente, para la primera mitad del año fiscal en curso (2010-2011), evidencia un continuado incumplimiento con el presupuesto de operación así como un resultante debilitamiento en el desempeño fiscal de la FFDEMH. No empece sus planes financieros, los ingresos por concepto de

matrícula para este periodo evidenciaron una disminución por $101,282 que la FFDEMH atribuye nuevamente a la merma en estudiantes matriculados. Más preocupante aún, la FFDEMH informa que para la sesión que comenzó el pasado mes de enero se matricularon solo 10 estudiantes de nuevo ingreso de 16 que habían sido admitidos y de 15 que habían sido presupuestados. Para este semestre se proyecta una matrícula de 72 estudiantes, 3 menos que el semestre anterior. Por otro lado, la FFDEMH no informa de medidas para atajar esta preocupante tendencia de continua merma de estudiantes.

A pesar que la FFDEMH ha sido prudente con el manejo de sus gastos, los resultados al 31 de diciembre de 2010 arrojan una pérdida en las operaciones de $355,679 y no tenemos información que sugiera que al final del año fiscal, 30 de junio de 2011, la situación mejore. Es probable que la pérdida para el año en curso sea similar, o mayor, a la de los dos años anteriores. Por otro lado, no es razonable que se continúen reduciendo los gastos (cuando hay partidas, como energía eléctrica, cuyo aumento es incontrolable) sin que se afecte adversamente la calidad del ofrecimiento académico. Pero nuevamente, no se ha ofrecido información al Comité que permita aquilatar las alternativas que se puedan adoptar y sólo se aduce repetidamente el problema de reclutamiento de estudiantes ante la falta de acreditación de la institución, hecho que la FFDEMH conocía desde el principio.

Por otro lado, el flujo de efectivo de operaciones reflejó una insuficiencia de $80,838 al concluir el año 2010 que se logró enjugar mediante el uso de una línea de crédito y una transferencia del fondo dotal. No hay datos que sugieran que esta precaria situación haya mejorado, por el contrario. Estas limitaciones de flujo de efectivo resultan seriamente preocupantes particularmente cuando se anticipa que, una vez concluida la construcción de la nueva biblioteca, la FFDEMH tendrá que efectuar pagos de $43,292 mensuales para amortizar el préstamo de construcción. De la información suministrada no surge que la FFDEMH tenga capacidad para cumplir con esta obligación, lo que tendrá serias consecuencias.

En síntesis, la situación económica de la FFDEMH es precaria, hecho consignado por sus auditores externos en la opinión que emitieron con los informes financieros del 2010. La situación informada no augura mejoría alguna, y al día de hoy no se ha presentado un plan financiero que plantee la eventual viabilidad de la FFDEMH y cómo ésta habrá de lograrse.

### III. Recomendación Final del Comité en cuanto a la extensión de la acreditación provisional de la FFDEMH

En el año 2008, el Tribunal Supremo extendió la acreditación provisional de la FFDEMH por 3 años. Vencería en el 31 de enero del 2011. Al conceder esta extensión el Tribunal destacó que lo hacía de manera "excepcional". Advirtió el Tribunal que el incumplimiento de las condiciones establecidas conllevaría la revocación de la acreditación.

De los requisitos establecidos, sin duda, los más neurálgicos son los que atañen a la autosuficiencia fiscal de la institución, a los porcentajes de pasantía en los exámenes de reválida y a la obtención de la Acreditación Provisional de la ABA.

Aun cuando en algunos renglones, la FFDEMH logró cumplir con los requisitos, incluyendo lograr un porcentaje de pasantía en los exámenes de reválida consecuente con los estándares antes indicados, nos parece que la continuidad de la institución como una universidad viable depende de la autosuficiencia fiscal y la obtención de la acreditación de la ABA. La FFDEMH no ha podido cumplir con las expectativas en ambos renglones.

Por otro lado, en cuanto a la acreditación de la FFDEMH por parte de la ABA, la fecha de su obtención es incierta. Cabe señalar que la concesión de la prórroga por el Tribunal Supremo para la acreditación provisional tuvo como uno de sus objetivos primarios dar a la Escuela una oportunidad adicional para demostrar que era una entidad educativa viable. Tres años después no lo ha demostrado.

Asimismo, no ha resuelto su estrecha situación fiscal con los ingresos provenientes en el pago de matrícula. Tampoco ha ampliado sus fuentes externas de ingresos que no hayan sido aportaciones gubernamentales. En efecto, sus proyecciones económicas son iguales o peores a las existentes hace tres años, sobre todo si se toma en consideración que en el futuro cercano deberá asumir obligaciones fiscales adicionales relacionadas con la operación de la biblioteca y el repago de la deuda contraída para la construcción de ésta. Lo anterior, sumado a la experiencia de la pasada década, nos provee los fundamentos para recomendar **DENEGAR** la extensión de una acreditación provisional a la FFDEMH, sin perjuicio de que se permita a sus actuales estudiantes tomar los exámenes de reválida tan pronto obtengan el correspondiente grado de *Juris Doctor.*

Respetuosamente sometido.

En San Juan, Puerto Rico a 25 de abril de 2011.

(firmado)
Lcdo. Jorge Pérez Díaz
Presidente

II.

Como se puede apreciar, si bien la FFDEMH cumplió con alguna de las condiciones requeridas por este Tribunal para lograr su acreditación, al recomendar denegar la extensión de la acreditación provisional, el Comité destaca de modo preeminente, la debilidad fiscal de la institución y la dificultad que ha tenido para reclutar nuevos estudiantes. Además, del referido Informe también se desprende que la mencionada institución educativa no ha demostrado progreso alguno para obtener la acreditación provisional de la ABA durante el plazo de acreditación provisional que le concediéramos. Esta era otra de las condiciones medulares para su acreditación por este Tribunal, pues su cumplimiento hubiese asegurado que sus egresados tuviesen la seguridad de que su institución educativa cumplía con los mismos criterios de calidad que tienen las otras tres Escuelas de Derecho de Puerto Rico y las Escuelas de Derecho de los Estados Unidos. Otros factores, como el porcentaje en el índice de aprobación de la reválida de los egresados de la FFDEMH y la construcción de la nueva biblioteca, también son medulares.

Una constancia de la FFDEMH por los pasados años ha sido su debilidad fiscal. Ha sido ésta la que llevó a la

institución a reestructurarse para poder recibir aportaciones gubernamentales significativas, sin las cuales todo indica que no podría subsistir. **Lamentablemente, no empece a ello, y aun cuando este Tribunal le ha concedido múltiples oportunidades a la FFDEMH para que cumplan con los criterios de acreditación claramente establecidos y ha permitido a sus egresados tomar el examen de reválida de manera ininterrumpida por los pasados años, del Informe del Comité de Acreditación se desprende claramente que la referida institución educativa está prácticamente insolvente y no es autosuficiente.**

De igual modo, aun cuando reconocemos que la FFDEMH ha hecho ajustes y recortes en sus gastos administrativos como modo de atenuar problemas fiscales, las repercusiones que estos gastos pudieran tener en la calidad de la enseñanza, por la reducción de programas, materiales de estudio, reducción de personal o de horas de trabajo de empleados necesarios para la operación de la institución, resulta como mínimo preocupante. No olvidemos que una institución educativa de Derecho no está compuesta sólo por profesores y estudiantes. Es también el entorno educativo en el que se provee esa enseñanza, el conjunto de programas que refuerzan el trabajo lectivo, y las alternativas de enriquecimiento extracurricular que tienen los estudiantes, entre otras cosas. Un escenario fiscal deprimido incide sobre la capacidad de una institución para fortalecer estos programas.

En sus comparecencias la FFDEMH ha reiterado que su debilidad fiscal se debe, en parte, a su incapacidad para atraer a un número de estudiantes apropiado que permita fortalecer la cantidad de ingresos por concepto de matrícula. Atribuye este hecho a la falta de una acreditación permanente. La experiencia durante los pasados ocho (8) años revela otra cosa. Repasemos los hechos.

La FFDEMH tenía durante buena parte de su vida una política de admisión de estudiantes más flexible que las demás escuelas de Derecho del país. De esta manera, utilizaba criterios de elegibilidad menos rigurosos que los de las otras escuelas al momento de establecer la puntuación mínima requerida en el EXADEP y en los demás criterios de admisión. El efecto de esa política de admisión tuvo su consecuencia en los resultados de índices de aprobación en los exámenes de reválida. Un porciento significativo de sus egresados no aprobaba la reválida de Derecho General en su primera ocasión, lo que incidía sobre una de las condiciones establecidas en el Memorando de Entendimiento que la institución suscribió con este Tribunal en el 2003. Consecuentemente, la FFDEMH no podía cumplir con la cuota mínima de índices de aprobación que le fue establecida. Esta realidad, que ponía en precario su acreditación, motivó que la institución variara su política de admisión para admitir sólo a personas que tuvieran una puntuación en el EXADEP que no fuera menor a 550 puntos.

El cambio, sin embargo, mermó la cantidad de estudiantes que podía reclutar, no sólo por la reducción del universo de candidatos, sino porque la institución tenía que competir con las otras tres escuelas acreditadas del país que tenían políticas de admisión similares. La reducción de la plantilla de nuevos estudiantes mermó los ingresos por concepto de matrícula de la FFDEMH y aumentó la dependencia de otras fuentes de financiamiento. A esta dependencia se sumó la urgencia que tenía la institución de construir una nueva biblioteca para su institución, cuyo costo supondría, como supuso, la obtención de financiamiento de la banca.

Carecer de la acreditación permanente, durante los primeros años de acreditación provisional no era necesariamente un disuasivo para nuevos estudiantes, pues éstos tenían garantizada su admisión a los exámenes de reválida si terminaban sus estudios durante la vigencia de la acreditación provisional, siempre y cuando cumplieran con los demás requisitos de admisibilidad. Así, el panorama existente durante esos primeros años de acreditación provisional no era necesariamente excepcional; podía reflejar la realidad en la que operaría la institución y sugiere que los pronósticos de disponibilidad de estudiantes elegibles para admisión no eran certeros.

Siendo ello así, y tomando en consideración el último "Informe del Comité de Evaluación de la Acreditación Provisional de la Fundación Facultad de Derecho Eugenio

Maria de Hostos en Torno al Decimoquinto Informe de Progreso", la réplica a dicho Informe presentada por la FFDEMH, así como la experiencia de la pasada década, resolvemos DENEGAR la extensión de una acreditación provisional a la FFDEMH. No obstante, el Tribunal considera que la determinación que hoy tomamos no es óbice para que la Fundación Facultad de Derecho Eugenio María de Hostos continúe su esfuerzo de solventar su situación económica y académica y una vez concluya ese proceso, reinicie nuevamente su proceso de acreditación ante este Tribunal.

Ahora bien, para proteger a los estudiantes que cursaron estudios en la FFDEMH mientras estuvo vigente la acreditación provisional, se les permitirá a éstos tomar los exámenes de reválida tan pronto obtengan el correspondiente grado de *Juris Doctor.* De igual forma, se les permitirá tomar los exámenes de reválida a los egresados de la FFDEMH durante dicho término. Por último, debe quedar claro que la medida que hoy tomamos no afecta en nada la licencia de aquellos egresados de la FFDEMH que aprobaron la reválida.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Fiol Matta hace constar la siguiente expresión.

"Disiento de la decisión mayoritaria que deniega la extensión de la acreditación solicitada por la Fundación Facultad de Derecho Eugenio María de Hostos. Sin embargo, aplaudo la exhortación a la Fundación para que continúe sus esfuerzos para lograr su viabilidad económica y, una vez esté en condiciones, retome el procedimiento de acreditación ante este Tribunal.

Considero que en el cumplimiento responsable de nuestro deber de velar por que las escuelas de Derecho de este país provean una educación de alta calidad, no podemos evaluar una solicitud como la presente utilizando un enfoque estrechamente económico, menospreciando los avances y logros alcanzados desde el año 2008 por la Fundación Facultad de Derecho Eugenio María de Hostos.  Si bien es cierto que esta institución de educación jurídica se encuentra en una situación fiscal delicada, no podemos obviar que durante el plazo de acreditación provisional de tres años nuestro país ha atravesado y atraviesa aún dificultades económicas. A pesar de ello, la Fundación Facultad de Derecho Eugenio María de Hostos ha cumplido con la mayor parte de las condiciones impuestas por este Tribunal en la Resolución de 13 de febrero de 2008, al igual que con muchas de las observaciones emitidas por la American Bar Association en su última vista de acreditación de 21 de abril de 2007. Concretamente, los requerimientos en torno al mejoramiento académico, tanto del estudiantado como de su facultad, la expansión de sus recursos investigativos y bibliográficos, junto a la creación de nueva infraestructura, han sido adelantados de forma consistente. Incluso, la Fundación Facultad de Derecho Eugenio María de Hostos ha rebasado por mucho el índice de aprobación del examen de reválida que le requerimos y uno de sus egresados fue la nota más alta en la reválida de marzo de este año. Todo ello denota una gran capacidad de superación.

La Fundación Facultad de Derecho Eugenio María de Hostos se ha destacado en los últimos años por su fiel compromiso por mejorar su calidad de enseñanza y ofrecer a su estudiantado una visión única del mundo jurídico en el que se desenvolverán  como profesionales del Derecho.  A la vez, los esfuerzos por estabilizar su situación fiscal y organizativa, aunque infructuosos, han sido notables. Por tanto, extendería la acreditación provisional por tres años adicionales, en aras de que ésta pueda cumplir a cabalidad con los requerimientos restantes".

La Jueza Asociada señora Pabón Charneco no interviene.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo